UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

K.M. and S.M., individually and on behalf of IM, a minor

                        Plaintiff-Appellants,

        -against-                              19 Civ. 9671 (NSR)

KATONAH-LEWISOBORO UNION FREE SCHOOL DISTRICT

                        Defendant-Appellee.

-----------------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO SUBMIT ADDITIONAL EVIDENCE

       Plaintiff-Appellants, K.M. and S.M., individually and on behalf of IM, by their attorneys, The Law Offices of Gerry McMahon, LLC, hereby respectfully submit this Memorandum of Law in Support of their Motion to Submit Additional Evidence pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(1)(C)(ii).

       Parents respectfully request the Court grant their motion to submit additional evidence, to supplement the evidence contained in the administrative record regarding the appropriateness of the District's offered placement for IM's academic, social and emotional needs. In an action challenging an administrative decision under IDEA, the district court "(i) shall receive the records of the administrative proceedings; [and] (ii) shall hear additional evidence at the request of a party."

       The Second Circuit has not yet clearly established a standard for admitting additional evidence in IDEA cases, but "it is undisputed that the decision lies squarely within the court's discretion." *M.S. v. N.Y.C. Dep't of Educ.*, 13-cv-3719 (RRM) (VMS), at *13-14 (E.D.N.Y. Nov. 12, 2013). *See also K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-CV-3138(KMK) at *24-25 (S.D.N.Y. Dec. 18, 2019) (*citing Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 506

(D. Conn. 2002)). The *M.S.* Court examined the cases in the Second Circuit that "have considered the First Circuit's guidance that 'the administrative record should be the main source of evidence with limited additions' and the Third Circuit's guidance that "the district court should consider additional evidence that is 'relevant, non-cumulative, and useful.'" *Id*. at *10 (*citing Eschenasy v. N.Y.C. Dep't of Educ.*, 604 F. Supp. 2d 639, 649 (S.D.N.Y. 2009) (articulating a "relevant, non-cumulative and useful" test)). The District Court in *M.S.* determined that "[t]he failure to introduce evidence available during the administrative hearing is not determinative…" *M.S.* at *16. More recently, this Court noted that some courts in the Second Circuit have applied the standard adopted by the First Circuit in *Town of Burlington v. Dep't of Educ. For Mass.*

> While the Second Circuit has yet to address the standard for admitting additional evidence in an IDEA case, courts within this district have adopted the approach articulated by the First Circuit in *Town of Burlington v. Dept. of Educ. for Mass.*, 736 F. 2d 773 (1st Cir. 1984). *See Eschenasy*, 604 F. Supp. 2d at 649.
>
> "Additional" evidence has been characterized by courts within this Circuit as "supplemental," and therefore such evidence must be "relevant, non-cumulative, and useful." *See Eschenasy*, 604 F. Supp. 2d at 649 (internal quotation marks and citation omitted); *see also Genn v. New Haven Board of Education*, No. 3:12-CV-00704-CSH (D. Conn. Mar. 11, 2015).

*M.B. ex rel. Her Child M. v. NYC Dep't of Educ.*, No. 14CV3455-LTS-JCF, at *4 (S.D.N.Y. Oct. 27, 2015).

In *M.S. v. N.Y.C. Dep't of Educ.*, 13-cv-3719 (RRM) (VMS) (E.D.N.Y. Nov. 12, 2013), the District Court permitted the plaintiff parents to conduct limited additional discovery (witness depositions totaling not more than 3 hours and conducted immediately so as to not delay the proceedings). *Id*. at *16. The Court found that Parents' proposed discovery was warranted because it "may elicit relevant and useful information concerning the merits of the parents' reasons for rejecting the IEP and the DOE's ability to implement the IEP." *Id*. at *14. When Parents initially rejected the DOE's proposed IEP, they raised a number of concerns regarding the deficiencies of the school and the program. "Each of the complaints concerned a contemporaneous objection about conditions at the school and a rational prediction that many, if not all, of these conditions would continue prospectively during the proposed school year of July to June." *Id.*

This Court has regularly, and recently, reiterated that the admission of additional evidence beyond the administrative record is within the discretion of the trial court. *K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-CV-3138 (KMK) at *24-25 (S.D.N.Y. Dec. 18, 2019) (*citing Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 506 (D. Conn. 2002)). The Court will generally accept additional evidence that was not withheld in bad faith, is relevant, and does not change the administrative review into a trial de novo. *G.B. v. Tuxedo Union Free Sch. Dist.*, 751 F. Supp. 2d 552, 553 n.1 (S.D.N.Y. 2010). In *G.B.*, this Court allowed Parent Plaintiffs to add nine additional documents to the record, finding: there was no indication parents withheld the documents in bad faith; the documents were relevant because they charted the child's progress; the documents would not change the character of the proceeding because they were brief and the documents largely confirmed information that was presented at the administrative hearing. *Id*.

In this present case, the Plaintiffs request that this Court permit the addition of a dozen photographs taken by the Independent Hearing Office over the course of the hearing and referenced in his opinions of the condition of the unsafe and overly restrictive basement location for the child's special education services in 9th grade. Specifically, the IHO took several photographs of the basement hallway in the high school building. Although the IHO took these photographs and referenced the conditions of the basement hallway when rendering his opinion, for reasons unbeknownst to the parties, he did not introduce the photographs into evidence during the hearing as Hearing Officer exhibits. In fact, the Plaintiffs were unaware of the photographs until learning of them in the IHO's Decisions 1 & 2.

When the Plaintiffs commenced this action, they communicated with the IHO, included the District Counsel in the communication, and requested copies of the photographs. In response, the IHO produced the photographs, 11 in all, to the parties and included brief explanations of each photo and the dates he took them. The dates and numbers of the photos are as follows: January 9, 2018 (Images 1679, 1680, 1681, 1682) February 12, 2018 (Images 1700, 1701, 1702, 1703, 1711), April 30, 2018 (Images 1924, 1725). The communications between Plaintiffs' Counsel and IHO Venezia, with District Counsel included along with the photographs, identifying details, and corresponding emails are incorporated into the attached Portfolio. There is also a 30 second video that Plaintiffs also seek to introduce but are unable to produce with this filing.

Plaintiffs respectfully request this Court exercise its discretion and allow the introduction of these photographs and corresponding information as relevant and supplemental additional evidence. Plaintiffs did not withhold this evidence in bad faith, as they were not aware until reading the IHO's two Decisions that the photographs existed. Moreover, the photographs of the physical condition of the high school basement hallway where the student was to receive the bulk of her special education services was certainly contemporaneously relevant to Parents' concerns in rejecting Defendant's proposed IEP. Like the Parents in *M.S. v. N.Y.C. Dep't of Educ.*, Parents here expressed their concerns regarding the physical condition of the school location. Admitting photographs that document that condition only supplements the basis for Parents' concerns at that time. Admission of the photographs is also useful in supporting the basis for the IHO's two opinions that the District failed to provide the student with a FAPE *in the Least Restrictive Environment*.

**Dated**: May 22, 2020

**KM and S.M, individually  
and on behalf of IM,  
Plaintiff-Appellants**

    **By**: S/Geraldine A. McMahon  
    Geraldine A. McMahon (gm1759)

THE LAW OFFICES OF GERRY MCMAHON, LLC  
Attorney for the Plaintiff-Appellants  
100 Mill Plain Road, 3rd Floor  
Danbury, CT 06811  
1 (203) 942-2430  
Gerry.McMahon@McMahonSpedLaw.net