UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

K.M. and S.M., individually and on behalf of I.M.,
a minor,

                       Plaintiffs,

    -against-

KATONAH-LEWISBORO UNION FREE SCHOOL
DISTRICT,

                       Defendant.

------------------------------------------------------------------X

19 Civ. 9671 (PMH)(JCM)

**ORIGINAL FILED BY ECF**

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO SUBMIT ADDITIONAL
EVIDENCE OUTSIDE THE ADMINISTRATEIVE RECORD**

THOMAS, DROHAN, WAXMAN, PETIGROW & MAYLE LLP
2517 ROUTE 52
HOPEWELL JUNCTION, NEW YORK  12533
(845) 592-7000

...

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF THE CASE ......................................................................................................1

    A.    Overview of the IDEA .....................................................................................................1

    B.    Factual Background .........................................................................................................2

    C.    The Present Dispute ........................................................................................................3

ARGUMENT ..................................................................................................................................4

POINT I    PLAINTIFFS' MOTION TO SUMBIT INTO EVIDENCE PHOTOGRAPHS OF THE HALLWAY NEAR WHAT HAD BEEN THE STUDENT'S CLASSROOM A YEAR EARLIER SHOULD BE DENIED. .....................................................................................4

    A.    The Photographs are Irrelevant Because Neither the Location of the Student's Classroom nor the State of the Hallway are Valid Considerations under the IDEA for Determining the Appropriateness of the District's Proposed Placement. ......................................................5

    B.    Plaintiffs Court Have Offered Their Own Photographs at the Impartial Hearing. ...........7

POINT II    THE PRESENT MOTION IS NON-DISPOSITIVE AND MAY BE DECIDED BY A MAGISTRATE JUDGE, SUBJECT TO REVIEW UNDER RULE 72(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE. ..............................................................................8

CONCLUSION ...............................................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES** Page(s)

A.W. v. Bd. of Educ. of the Wallkill Cent. Sch. Dist.,
   No. 14-cv-1583 (DNH/RFT), 2015 U.S. Dist. LEXIS 46346
   (N.D.N.Y. Apr. 9, 2015) ...................................................................................................9

Endrew F. v. Douglas Cnty. Sch. Dist. RE-1,
   137 S. Ct. 988 (2017) ......................................................................................................6

Eschenasy v. N.Y. City Dep't of Educ.,
   604 F. Supp. 2d 639 (S.D.N.Y. 2009) ......................................................................... 4-5

Genn v. New Haven Bd. of Educ.,
   No. 12-cv-704-CSH, 2015 U.S. Dist. LEXIS 29663
   (D. Conn. Mar. 11, 2015) .................................................................................................5

M.B. v. N.Y. City Dep't of Educ.,
   No. 14 Civ. 3455 (LTS)(JCF), 2015 U.S. Dist. LEXIS 145844
   (S.D.N.Y. Oct. 17, 2015) ............................................................................................ 4-5

M.S. v. N.Y. City Dep't of Educ.,
   No. 13-cv-3719 (RRM)(VMS), 2013 U.S. Dist. LEXIS 168979
   (E.D.N.Y. Nov. 27, 2013) ........................................................................................... 8-9

R.E. v. Brewster Cent. Sch. Dist.,
   180 F. Supp. 3d 262 (S.D.N.Y. 2016) .............................................................................4

R.E. v. N.Y. City Dep't of Educ.,
   694 F.3d 167 (2d Cir. 2012), cert. denied, 569 U.S. 1030 (2013) ...........................................6

R.H. v. Bd. of Educ. of Saugerties Cent. Sch. Dist.,
   No. 16-cv-551 (GLS/CFH), 2017 U.S. Dist. LEXIS 12138
   (N.D.N.Y. Jan. 30, 2017) ................................................................................................9

T.C. v. N.Y. City Dep't of Educ.,
   No. 15 Civ. 2667 (KPF), 2016 U.S. Dist. LEXIS 112977
   (S.D.N.Y. Aug. 24, 2016) ........................................................................................... 5-6

T.Y. v. N.Y. City Dep't of Educ.,
   584 F.3d 412 (2d Cir. 2009), cert. denied, 560 U.S. 904 (2010) ..............................................5

Town of Burlington v. Dep't of Educ.,
   736 F.2d 773 (1st Cir. 1984) ...........................................................................................4

**FEDERAL STATUTES**

Individuals with Disabilities Education Act ("IDEA") ........................................................... passim

20 U.S.C. § 1412(a)(5)(A) .............................................................................................................7
        § 1415(b)(7)(A)(ii) ............................................................................................2
        § 1415(f) .............................................................................................................2
        § 1415(h)(2) .......................................................................................................2
        § 1415(i)(2) ........................................................................................................2
        § 1415(i)(2)(C) ............................................................................................1, 4, 8

28 U.S.C. § 636(b)(1)(A) ...............................................................................................................9

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 72 ..................................................................................................................... 1, 8-9

**STATE STATUTES**

N.Y. Education Law § 4402 ..........................................................................................................2
        § 4404(1)(a) .......................................................................................................2
        § 4404(2) ...........................................................................................................2
        § 4404(3)(a) .......................................................................................................2

## PRELIMINARY STATEMENT

In this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., for judicial review of an administrative decision regarding the special education and other services to be provided to a student with a disability, Defendant, the Katonah-Lewisboro Union Free School District ("District"), by its attorneys, Thomas, Drohan, Waxman, Petigrow & Mayle, LLP, respectfully submits this memorandum of law in opposition to Plaintiffs' motion, pursuant to 20 U.S.C. § 1415(i)(2)(C), to have the Court hear evidence outside the administrative record in support of their complaint. As more fully set forth below, Plaintiffs have failed to overcome the rebuttable presumption against the admission of additional evidence in an IDEA action, insofar the photographs for which admission is sought are irrelevant, and Plaintiffs had the opportunity to submit the same or similar photographic evidence at the administrative hearing, but failed to do so. Infra, Pt. I.

Further, Defendant submits that the present motion is a non-dispositive motion, subject to review by a district judge for clear error under Rule 72(a) of the Federal Rules of Civil Procedure. Infra, Pt. II.

## STATEMENT OF THE CASE

A.   **Overview of the IDEA**

The IDEA makes federal funds available to states and local educational agencies to secure a "free appropriate public education" for children with disabilities. The IDEA, in conjunction with parallel state law and regulations, creates a comprehensive scheme for the identification of students with disabilities, the provision of special education and related services, and for the adjudication of parental complaints about the individualized education program ("IEP") offered to a student with a disability.

1

In New York State, responsibility for determining the IEP to be offered to a student with a disability is vested in the school district's committee on special education ("CSE"). See N.Y. Educ. Law § 4402. If the parents or guardians of a student with a disability disagree with any aspect of the IEP, they may file a "due process complaint," id. § 4404(1)(a), specifying "the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem; and a proposed resolution of the problem to the extent known and available to the party at the time." See 20 U.S.C. § 1415(b)(7)(A)(ii)(III)-(IV). Upon receipt of a due process complaint, the school district is required to appoint an impartial hearing officer ("IHO") to preside over an administrative evidentiary hearing and make a determination on the due process complaint. See N.Y. Educ. Law § 4404(1)(a). The IHO's determination may be administratively appealed to a State Review Officer ("SRO") employed by the New York State Education Department. Id. § 4404(2). A final decision of the SRO may be reviewed by either a New York supreme court or a federal district court. Id. § 4404(3)(a); 20 U.S.C. § 1415(i)(2).

**B.      Factual Background**

Plaintiffs are the parents of a student with a disability who rejected the IEP offered by the District's CSE for the 2016-2017 and 2017-2018 school years, and unilaterally placed their child at a private school. In a due process complaint, Plaintiffs sought an order requiring the District to reimburse them for private school tuition in each of the two years in question. The issues presented by the due process complaint, including the appropriateness of the District's proposed IEP and the appropriateness of the private placement chosen by the Plaintiffs, were the subject of a nineteen-day, trial-like impartial hearing held pursuant to 20 U.S.C. § 1415(f), at which the parties, through counsel, were permitted "to present evidence and confront, cross-examine, and compel the attendance of witnesses." Id. § 1415(h)(2).

2

At the conclusion of the impartial hearing, the IHO issued a decision in favor of Plaintiffs and awarded tuition reimbursement. However, following the District's administrative appeal, the SRO reversed, finding that the District's proposed public placement would have offered the student a free and appropriate public education, and, on that basis, the SRO denied the request for tuition reimbursement. Plaintiffs subsequently filed this action seeking judgment reversing the SRO's decision and awarding tuition reimbursement.

### C. The Present Dispute

From the start of the 2016-2017 school year until her removal and placement at a private school on February 6, 2017, the student attended John Jay High School, where she was instructed in a self-contained special education class for most academic subjects. In finding this placement to be inappropriate, the IHO focused on the classroom where the student's class met, criticizing its location in the lower level of the school building away from other classrooms, as well as the state of the hallway leading from the classroom to the lower level exit. In a decision dated December 14, 2018, the IHO wrote that "[t]he area between the interior and exterior EXIT doors, which I have referred to as the EXIT vestibule, was crammed with building supplies, material and equipment[.]"[1] On multiple dates, the impartial hearing was held at John Jay High School, and the IHO was able to visit location of the classroom. In his written decision, he reported that he "had taken pictures to refresh my memory."[2]

The twelve photographs taken by the IHO of the lower level hallway at John Jay High School were not provided to the parties in the course of the impartial hearing, and were not

---

[1] See Hearing Officer's Findings of Fact and Decision ("IHO Decision"), dated December 14, 2019, a copy of which is attached as Exhibit A to the Declaration of Steven L. Banks, at 24. With the Court's permission, the declaration is to be filed under seal.
[2] Id.

3

introduced into evidence or made part of the record. Consequently, the photographs were not considered by the SRO during his review. Copies of the photographs were only made available after the SRO's decision at the time Plaintiffs commenced the present action.

For the following reasons, Plaintiffs' motion to introduce these photographs as additional evidence outside of the administrative record, in support of the complaint and their anticipated motion for summary judgment, should be denied.

## ARGUMENT

### POINT I

**PLAINTIFFS' MOTION TO SUBMT INTO EVIDENCE PHOTOGRAPHS OF THE HALLWAY NEAR WHAT HAD BEEN THE STUDENT'S CLASSROOM A YEAR EARLIER SHOULD BE DENIED.**

In the absence of guidance from the Second Circuit, courts in this Circuit addressing a request to introduce evidence outside of the administrative record in an IDEA action under 20 U.S.C. § 1415(i)(2)(C) have generally "adopted the approach articulated by the First Circuit in Town of Burlington v. Dep't of Educ. for Mass., 736 F.2d 773 (1st Cir. 1984)," applying a "rebuttable presumption prohibiting additional evidence that was not presented during the administrative proceedings below." M.B. v. N.Y. City Dep't of Educ., No. 14 Civ. 3455 (LTS)(JCF), 2015 U.S. Dist. LEXIS 145844, at *5 (S.D.N.Y. Oct. 27, 2015). See also R.E. v. Brewster Cent. Sch. Dist., 180 F. Supp. 3d 262, 269 (S.D.N.Y. 2016). "In Burlington, the First Circuit held that 'the administrative record should be the main source of evidence with limited additions,' but declined to adopt a rigid rule unduly limiting the reviewing court's discretion." M.B., 2015 U.S. Dist. LEXIS 145844, at *5 (quoting Eschenasy v. N.Y. City Dep't of Educ., 604 F. Supp. 2d 639, 649 (S.D.N.Y. 2009)). "[T]he First Circuit's decision in [Burlington] represents the approach adopted by a majority of those Circuits, including the Seventh, Ninth, and Eleventh

Circuits[.]" Eschenasy, 604 F. Supp. 2d at 649.

To rebut the presumption against the introduction of additional evidence at the judicial review level, the moving party "'bears the burden of establishing that the additional evidence is probative of the issues before the court, and must also explain why the evidence was not presented at the administrative level.'" M.B., 2015 U.S. Dist. LEXIS 145844, at *6 (quoting Genn v. New Haven Bd. of Educ., No. 12-cv-704-CSH, 2015 U.S. Dist. LEXIS 29663, at *11 (D. Conn. Mar. 11, 2015)). The reviewing court should consider whether the additional evidence sought to be introduced is relevant, non-cumulative, and useful. Eschenasy, 604 F. Supp. 2d at 649.

Here, Plaintiffs failed to rebut the presumption against the introduction of additional evidence outside the administrative record, and the motion should be denied.

### A. The Photographs are Irrelevant Because Neither the Location of The Student's Classroom nor the State of the Hallway are Valid Considerations under the IDEA for Determining the Appropriateness Of the District's Proposed Placement.

The Second Circuit has held that a parent's right to participate in the decision of a child's educational placement extends only to the question of the educational and other services to be provided to the student, and that the school district has complete discretion about the "brick and mortar" component of the placement, such as the selection of the school building that the child will attend. See T.Y. v. N.Y. City Dep't of Educ., 584 F.3d 412, 419-20 (2d Cir. 2009), cert. denied, 560 U.S. 904 (2010). By extension, parents do not have rights under the IDEA regarding the school district's choice of classroom within a particular school or physical attributes of the school not directly related to the delivery of educational services. See also T.C. v. N.Y. City Dep't of Educ., No. 15 Civ. 2667 (KPF), 2016 U.S. Dist. LEXIS 112977, at *50 (S.D.N.Y. Aug. 24, 2016) (finding that parental complaints about the placement school's lack of cleanliness and

5

other safety concerns did not implicate the reasonableness of the placement recommended by the CSE).

Plaintiffs contend the IHO's photographs are relevant to show "the condition of the unsafe and overly restrictive basement location for the child's special education services in 9th grade." See Memorandum of Law in Support of Motion to Submit Additional Evidence ("Pl. Mem.") (ECF 19) at 3. However, the choice of classroom is precisely the type of "brick and mortar" question that the IDEA leaves to the discretion of the school district. See R.E. v. N.Y. City Dep't of Educ., 694 F.3d 167, 191-92 (2d Cir. 2012) (the school district "may select the specific school without the advice of the parents so long as it conforms to the program offered in the IEP"), cert. denied, 569 U.S. 1030 (2013).

The IHO's photographs all concern the lower level hallway at John Jay High School, and show that, on the days they were taken, boxes and furniture lined the hallway. The IHO did not express any concern that the state of the hallway would deprive the student of educational services, but simply offered his opinion that, "in an emergency," the student "and her classmates" would have to "zigzag their way past the boxes and equipment" and may even find the path to the lower level exit doors blocked. See IHO Decision at 24. The IDEA is concerned with providing students with disabilities with a free appropriate education, see Endrew F. v. Douglas Cnty. Sch. Dist. RE-1, 137 S. Ct. 988, 993-96 (2017), and does not provide a means to redress general safety concerns through civil litigation. The IHO's criticism of the use of the hallway for storage is immaterial to the question of the appropriateness of the student's IEP and of Plaintiffs' ability to recover tuition reimbursement.

Moreover, neither the IHO's reported observations nor the photographs demonstrate that the student would have been imperiled in an emergency. The photographs were taken more than

6

a year after the student had left John Jay High School, and there is no information in the record regarding John Jay High School's evacuation plans or the results of any fire drills. Indeed, the District would have had no reason to believe that the adequacy of its evacuation procedures was at issue in an impartial hearing convened to review the appropriateness of a particular student's IEP and adjudicate a parental request for tuition reimbursement, and, thus, had no reason to present its emergency evacuation plans into the record.

Further, the photographs have no bearing whatsoever on the question of "restrictiveness." Under the IDEA, a student is to be provided instruction in the "least restrictive environment," see 20 U.S.C. § 1412(a)(5)(A), meaning that "children with disabilities . . . are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." Photographs of a school hallway are simply not probative of whether the particular student in this case was provided services in the least restrictive environment, a question that concerns the student's individual need for special classes and her removal from general classes with non-disabled peers.

### B. Plaintiffs Could Have Offered Their Own Photographs at The Impartial Hearing.

Plaintiffs contend that they should be permitted to belatedly introduce the IHO's photographs as evidence in support of their federal complaint because they were "unaware of the photographs until learning of them in the IHO's Decisions," and only received copies of the photographs when they commenced this action. See Pl. Mem. at 3. However, Plaintiffs were

7

fully capable of seeking permission from the IHO to take additional photographs[3] of the lower level hallway of John Jay High School, and of seeking to introduce such photographs into evidence at the administrative impartial hearing.  If they had, the District would have had opportunity to object on the record to such request; to cross-examine the photographer or elicit other information about the time and manner of photography, if the IHO granted such permission; and could have sought to introduce other evidence regarding the current state of the hallway and its evacuation procedures.  Plaintiffs should not be excused from adhering to the IDEA's administrative procedures, to the District's prejudice, simply because they did not consider a need to introduce this additional photographic evidence in support of their claims.

## POINT II

**THE PRESENT MOTION IS NON-DISPOSITIVE AND MAY BE DECIDED BY A MAGISTRATE JUDGE, SUBJECT TO REVIEW UNDER RULE 72(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

While the District was unable to find a judicial decision that expressly discussed whether a motion under 20 U.S.C. § 1415(i)(2)(C) to have the Court hear evidence outside the administrative record is dispositive or non-dispositive for purposes of Rule 72 of the Federal Rules of Civil Procedure, it appears that courts in this Circuit have generally treated such motions as non-dispositive, with a ruling by a magistrate judge subject to clear error review under Rule 72(a).  See M.S. v. N.Y. City Dep't of Educ., No. 13-cv-3719(RRM)(VMS), 2013 U.S. Dist. LEXIS 168979, at *1 (E.D.N.Y. Nov. 27, 2013) (on an appeal from magistrate judge's ruling on motion under 20 U.S.C. § 1415(i)(2)(C), district judge reviewed the ruling "to

---

[3] Two photographs of the area were attached to a letter submitted by Plaintiffs to the District's Superintendent in September 2016.  The letter was admitted into evidence (Ex. III) at the impartial hearing.

8

determine whether the order is clearly erroneous or contrary to law"). See also R.H. v. Bd. of Educ. of Saugerties Cent. Sch. Dist., No. 16-cv-551 (GLS/CFH), 2017 U.S. Dist. LEXIS 12138 (N.D.N.Y. Jan. 30, 2017) (magistrate judge's "Memorandum-Decision & Order" on § 1415(i)(2)(C) motion); A.W. v. Bd. of Educ. of the Wallkill Cent. Sch. Dist., No. 14-cv-1583 (DNH/RFT), 2015 U.S. Dist. LEXIS 46346 (N.D.N.Y. Apr. 9, 2015) (same).

Because this practice appears to be consistent with 28 U.S.C. § 636(b)(1)(A), permitting a district judge to designate a magistrate judge "to hear an determine any pretrial matter pending the court" except specific enumerated motions (e.g., summary judgment), the District submits that a ruling of a magistrate judge on the present motion would be non-dispositive and subject to review under Rule 72(a).

## CONCLUSION

For the foregoing reasons, the Court should issue an order denying Plaintiffs' motion to submit additional evidence outside the administrative record, and for such other and further relief as the Court deems just and proper.

Dated: Hopewell Junction, New York
June 8, 2020

> THOMAS, DROHAN, WAXMAN, PETIGROW & MAYLE, LLP
> Attorneys for Defendant
> By:
>
>     s/Steven L. Banks
> Steven L. Banks
> 2517 Route 52
> Hopewell Junction, New York 12533
> Tel.: (845) 592-7000
> Fax: (845) 592-7020