UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

| | | |
|---|---|---|
| K.M. and S.M., individually and on behalf of IM, a minor ) | | |
| ) | | |
| Plaintiff-Appellants, ) | | |
| ) | | |
| -against- ) | 19 Civ. 9671 (NSR) | |
| ) | | |
| KATONAH-LEWISOBORO UNION FREE SCHOOL DISTRICT ) | | |
| ) | | |
| Defendant-Appellee. ) | | |

-----------------------------------------------------------------------

## **PLAINTIFFS' MOTION FOR ADDITIONAL EVIDENCE**

NOW COME Plaintiff-Appellants, K.M. and S.M., individually and on behalf of IM, by their attorney, The Law Offices of Gerry McMahon, LLC, and move this Honorable Court to hear additional evidence in this Individuals with Disabilities in Education Act federal action. The Plaintiff-Appellants action is an appeal of the New York Office of State Review Decision Nos. 19-008 and 19-040.

The IDEA and its related regulations specify that, during appeal of an administrative action, the court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii); 34 C.F.R. § 300.516(c)(2). As will be addressed in the Memorandum of Law, the admission of additional evidence beyond the administrative record is within the discretion of the trial court. The Courts will generally accept additional evidence that was not withheld in bad faith, is relevant, and does not change the administrative review into a trial de novo. *G.B. v. Tuxedo Union Free Sch. Dist.*, 751 F. Supp. 2d 552, 553 n.1 (S.D.N.Y. 2010).

In this present case, the Plaintiffs request that this Court permit the addition of a dozen photographs taken by the Independent Hearing Office over the course of the hearing and referenced in his opinions of the condition of the unsafe and overly restrictive basement location for the student's special education program in 9th grade. Specifically, the IHO took several photographs of the basement hallway in the high school building over a period of 4 months. Although the IHO took these photographs and referenced the conditions of the basement hallway when rendering his opinion, for reasons unbeknownst to the parties, he did not introduce the photographs into evidence during the hearing as Hearing Officer exhibits. The Plaintiffs were unaware of the photographs until learning of them in the IHO's Decisions 1 & 2.

When the Plaintiffs commenced this action, they reached out to the IHO and requested copies of the photographs. The IHO responded by producing the photographs to the parties and included brief explanations of each photo and the dates he took them. January 9, 2018 (Images 1679, 1680, 1681, 1682), February 12, 2018 (Images 1700, 1701, 1702, 1703, 1711), and April 30, 2018 (Images 1924, 1725).

Therefore, Plaintiffs respectfully request this Court allow these photographs as additional evidence. Not only is this within this Court's discretion, none of the reasons for rejecting additional evidence would apply here. This is not evidence withheld by the Plaintiffs. Moreover, the photographs supplement the administrative record as they evidence the ongoing mistreatment of the single basement hallway at the back of the high school which housed one, single classroom, the student's special education classroom, since at least 2008. The District's misuse of the hallway several months after the Plaintiff-Parents here expressed their concerns regarding the physical condition of the hallway to the administration evidences the District's disregard for the students, like the student in the present case, with disabilities and the District's intentional decision, year after year, to isolate and segregate its students with disabilities away from their nondisabled peers and to use those students' hallway as a dumping ground for school property from reams and reams of paper, to ladders and chairs, to broken furniture. Admitting photographs that document that condition only supplements the basis for Parents' concerns at that time. Admission of the photographs is also useful in supporting the basis for the IHO's two opinions that the District failed to provide the student with a FAPE in the least restrictive environment. Accordingly, the Parents respectfully request that this Court allow the admission of this additional evidence.

**Dated**: May 22, 2020    **KM and S.M, individually
and on behalf of IM,
Plaintiff-Appellants**

        **By**:    <u>S/Geraldine A. McMahon</u>
Geraldine A. McMahon (gm1759)

THE LAW OFFICES OF GERRY MCMAHON, LLC
Attorney for the Plaintiff-Appellants
100 Mill Plain Road, 3rd Floor
Danbury, CT 06811
1 (203) 942-2430
Gerry.McMahon@McMahonSpedLaw.net